CAROLINE D. CIRAOLO
Acting Assistant Attorney General

JONATHAN M. HAUCK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202-616-3173
Facsimile: 202-307-0054
Email: jonathan.m.hauck@usdoj.gov
        western.taxcivil@usdoj.gov

Of Counsel:
DANIEL BOGDEN
United States Attorney

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:15-cv-01025-JCM-CWH |
| Plaintiff, ) | |
| ) | STIPULATED ORDER |
| v. ) | OF PERMANENT INJUNCTION |
| ) | |
| SHEILA BUNTING, d/b/a 5 Star Tax, LLC, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, the United States of America, and Defendant Sheila Bunting, d/b/a 5 Star Tax, LLC, stipulate as follows:

1

1. The United States filed a complaint alleging that defendant prepared tax returns which understated her customers' tax liabilities by claiming that her clients were entitled to exclude foreign earned income which her customers were not entitled to exclude.

2. Defendant admits that this Court has jurisdiction over her and over the subject matter of this action.

3. Defendant waives the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 and 26 U.S.C. §§ 7402 and 7407.

4. Defendant enters into this Stipulated Order of Permanent Injunction voluntarily.

5. Defendant waives any right she may have to appeal from the Stipulated Order of Permanent Injunction.

6. Defendant acknowledges that entry of this Stipulated Order of Permanent Injunction neither precludes liability (e.g. the assessment of taxes, interest, or penalties) against her for asserted violations of the Internal Revenue Code, nor precludes defendant from contesting any such liability.

7. Defendant consents to the entry of this Stipulated Order of Permanent Injunction without further notice and agrees that this Court shall retain jurisdiction over her for the purpose of implementing and enforcing this Stipulated Order of Permanent Injunction. Defendant further understands that if she violates this Stipulated Order of Permanent Injunction, she may be found to be in contempt of court and may be sanctioned for that.

8. Entry of this Stipulated Order of Permanent Injunction resolves only the government's civil injunction claim, and neither precludes the government from pursuing any

other current or future civil or criminal matters or proceedings against Defendant, nor precludes her from contesting her liability in any other matter or proceeding. Nothing in this Stipulated Order of Permanent Injunction should be construed as an admission of the allegations contained in the United States' complaint.

9. If Defendant violates the Injunction, she may be subject to civil and criminal sanctions for contempt of court.

WHEREFORE, the Court hereby FINDS, ORDERS, and DECREES:

A. The Court has jurisdiction over this action under 28 U.S.C. § 1340 and 1345 and under 26 U.S.C. §§ 7402 and 7407.

B. Defendant Sheila Bunting, d/b/a 5 Star Tax, LLC, consents to the entry of this injunction and agrees to be bound by its terms.

C. Defendant has repeatedly engaged in conduct subject to penalty under I.R.C. § 6694, and that injunctive relief is appropriate under I.R.C. § 7407 to bar her from engaging in conduct subject to penalty under I.R.C. § 6694.

D. Defendant has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and I.R.C. § 7402(a).

E. IT IS ORDERED that Defendant, in her own capacity and doing business under any other name, including 5 Star Tax, LLC, or using any other entity, and all persons in active concert or participation with him, are permanently enjoined under 26 U.S.C. §§ 7402 and 7407 from, directly or indirectly:

3

i. Promoting the exclusion of foreign earned income to others;

ii. Preparing, assisting in the preparation, supervising the preparation, or any other way being involved in the preparing or filing federal tax returns, amended returns, claims for refund, or other related documents or forms containing, reporting, or in any way involving foreign earned income;

iii. Preparing, assisting in the preparation, supervising the preparation, or any other way being involved in the preparing or filing federal tax returns, amended returns, claims for refund that contain Internal Revenue Service form 2555 (entitled "Foreign Earned Income") or its successors, if any;

iv. Preparing or assisting in preparing or filing federal tax returns, amended returns, claims for refund, or other related documents or forms that she knows or reasonably should know will result in an understatement of federal tax liability or the overstatement of federal tax refunds as prohibited by I.R.C. § 6694;

v. Preparing or assisting in preparing or filing federal tax returns, amended returns, claims for refund, or other related documents or forms that request a waiver of any of the requirements of the Internal Revenue Code or Treasury Regulations;

vi. Preparing returns for customers and failing to maintain copies of those returns, or a list of those returns by taxpayer identification number as required by I.R.C. § 6107(b);

vii. Engaging in any other activity subject to penalty under I.R.C. §§ 6694 or 6695; and

4

viii.     Engaging in conduct that substantially interferes with the administration or enforcement of the internal revenue laws.

F.     IT IS FURTHER ORDERED that the Defendant, within 30 days of this order, contact by United States mail and, if an email address is known, by email, all persons for whom she prepared a federal tax return, amended return, or any other federal tax form which included a form 2555 or which referenced foreign earned income since January 1, 2012, to inform them of the permanent injunction entered against him, and include a copy of the Court's permanent injunction order, but no other documents or enclosures unless agreed to by counsel for the United States or approved by the Court, and file with the Court a sworn certificate stating that she has complied with this requirement;

G.     IT IS FURTHER ORDERED that the Defendant to produce to counsel for the United States within 30 days a list that identifies by name, social security number, address, e-mail address, telephone number, and tax period(s) all persons for whom he prepared federal tax returns or claims for refund which contained a form 2555 or which referenced foreign earned income since January 1, 2012;

H.     IT IS FURTHER ORDERED that the Defendant to provide a copy of the Court's order to all of the principals, officers, managers, employees, and independent contractors of her tax return preparation business within three days of the Court's order, and provide to counsel for the United States within 30 days a signed and dated acknowledgment or receipt of the Court's order for each person to whom she provided a copy of the Court's order;

I.     IT IS FURTHER ORDERED that the United States be entitled to conduct

discovery to monitor Defendant's compliance with the terms of any permanent injunction entered against her; and

J.       IT IS FURTHER ORDERED that the Court retain jurisdiction over the Defendant and this action to enforce any permanent injunction entered against her.

DATE: June 4, 2015

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

*Stipulated Permanent Injunction*
*against Sheila Bunting d/b/a 5 Star Tax, LLC*

Prepared by:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

Dated: 6/2, 2015.          By:   *(signature)*

JONATHAN M. HAUCK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3173 (v)
202-307-0054 (f)
jonathan.m.hauck@usdoj.gov

Of Counsel:
DANIEL BOGDEN
United States Attorney

Reviewed and Agreed:

*(signature)*

Dated: 5/11, 2015

SHEILA BUNTING, d/b/a 5 Star Tax, LLC

7